IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SERGEI KOVALEV, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | No. 07-4875 |
| THE CITY OF PHILADELPHIA, | : | |
| Defendant. | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                              **MARCH 25, 2008**

      Presently before the Court is the Motion to Dismiss filed by the City of Philadelphia ("the City") seeking to dismiss Plaintiff Sergei Kovalev's ("Kovalev") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Motion to Dismiss will be granted in part and denied in part.

**I.      BACKGROUND**

      On December 3, 2007, Kovalev filed a pro se Complaint against the City and numerous City officials in their official capacities, alleging that these City employees intentionally violated his constitutional and federal statutory rights and committed numerous tortious acts upon him. For purposes of this Motion, this Court accepts as true the factual allegations set forth in Kovalev's Complaint.

      Kovalev lives at 5305 Oxford Avenue in Philadelphia, Pennsylvania. On April 29, 2005, Kovalev organized the Centurion Gateway Corporation under the laws of the Commonwealth of Pennsylvania. The corporation was formed for the sole purpose of holding Kovalev's property at

5305 Oxford Avenue, Philadelphia, Pennsylvania. The corporation conducts no business activity, has no shareholders, and no assets. On October 6, 2006, Stacey Jones-Culbreth, an inspector working for the Business Compliance Unit of the City of Philadelphia Department of Licenses and Inspections, issued a notice of violation against Kovalev's property on the grounds that she could not gain admittance to the property to conduct an inspection, as required by the City Code of Ordinances. Kovalev contends that his property is not subject to inspection by the Business Compliance Unit because he conducts no business on the premises. As such, he asserts that the Business Compliance Unit, in attempting to inspect his property, attempted an illegal search of his residence, in violation of the Fourth Amendment. He further contends that the City attempted these inspections because his property is located twenty feet from State Senator Christine Tartaglione's office. Kovalev asserts that Senator Tartaglione sought to use the City, through her familial relation to several city employees, to find out what was occurring inside Kovalev's residence, and to ultimately reduce the value of his property.

On June 1, 2007, the Department of Licenses and Inspections issued a second notice of violation against the property for Kovalev's failure to obtain a building permit prior to erecting a 162 square-foot structure in the rear of his home. Kovalev maintains that the structure did not require a permit pursuant to the City Code. After receipt of the violation, Kovalev met with Terrence Dillion, a supervisor at the Department of Licenses and Inspections, and was told that the structure was an "addition" and required a permit. Kovalev avers that he was willing to obtain the required permits for this structure, and he prepared plans and applied for the permits on June 8, 2007. After approximately two months, Kovalev learned from Joseph Flanagan, a Construction Compliance Supervisor with the Department of Licenses and Inspections, that

Flanagan was unable to understand the plans and did not understand what Kovalev had built. On August 13, 2007, Flanagan informed Kovalev that he had looked at the application but would likely not be able to issue any permits because the plans were so confusing. Flanagan then requested that Kovalev submit drawings prepared by a licensed professional so that he could process the application. Kovalev avers that there was nothing confusing about the plans, and that Flanagan intentionally required additional plans and delayed the issuance of his permits for the sole purpose of harassing Kovalev and inflicting emotional distress upon him. He additionally claims that the City continually denied his application with no reasonable justification so that it could collect the violation costs for its own financial gain.

Kovalev appealed both violation notices to the Board of Licenses and Inspections Review. According to him, the Board refused to listen to any of his arguments and simply "rubberstamped" the violations in favor of the Department of Licenses and Inspections. Kovalev asserts that the Board discriminated against him and refused to consider his arguments because he is a foreign-born United States citizen of Eastern European origin.

On November 5, 2007, Kovalev wrote letters to the former mayor of Philadelphia, John Street, and to the Commissioner of the Department of Licensing, Robert Solvible, describing his experiences in trying to obtain the permits. Kovalev alleges that four days after the submission of the letters, the City, through its attorney, Angel L. Franqui, Jr., filed a Complaint in Philadelphia Municipal Court claiming that Kovalev's corporation failed to file and pay the City's business privilege tax from 1997 through April 16, 2005. Kovalev argues that the allegations in this Complaint were completely false, and that the action was filed in retaliation for the letters he sent to the mayor and commissioner disclosing the City's violations.

## II.    STANDARD OF REVIEW

When deciding whether to grant a Rule 12(b)(6) Motion to Dismiss, this Court must accept as true all well-pleaded allegations in the Complaint, and view them in a light most favorable to the Plaintiff.  Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001).  Therefore, Defendant's Motion will be granted only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Id.  Nonetheless, a plaintiff must plead specific factual allegations.  Neither "bald assertions" nor "vague and conclusory allegations" must be accepted as true.  See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern Pa. Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995).

## III.   DISCUSSION

### A. Section 1983

Kovalev's Complaint asserts claims against the City pursuant to 42 U.S.C. § 1983. Section 1983 reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

42 U.S.C. § 1983.  In evaluating a Section 1983 claim, a Court must first "identify the exact contours of the underlying right said to have been violated . . . to determine whether the plaintiff has alleged a deprivation of a constitutional right at all." County of Sacramento v. Lewis, 523 U.S. 833, 841 n. 5 (1998).  "A municipality cannot be held liable solely because it employs a

tortfeasor." Monell v. New York City Dept. of Soc. Serv., 436 U.S. 658, 691 (1978). Instead, the plaintiff must assert that an actual policy or custom of the municipality was the cause of the constitutional deprivation. Id. In order to sufficiently allege "custom" for Monell purposes, a plaintiff must allege that the "practices of state officials could well be so permanent and well settled as to constitute a 'custom or usage' with the force of law." Id. An official-capacity suit is essentially a suit against the municipality itself. See Ky. v. Graham, 473 US 159, 165-66 (1985). "To prevail in an official-capacity suit, a plaintiff must demonstrate that the entity was the 'moving force' behind the officer's actions. In general, this is accomplished through demonstration of the entity's policy or custom." Klump v. Nazareth Area Sch. Dist., 425 F. Supp 2d 622, 644 (E.D. Pa. 2006). Thus, Kovalev must set forth allegations that the actions of the City officials were driven by a custom of the City of Philadelphia.

Construing the allegations in a light most favorable to Kovalev, the Court finds that Kovalev's 1983 claim is sufficient to survive a Motion to Dismiss. The Complaint alleges violations of the Fourth Amendment, procedural due process, the equal protection clause, 42 U.S.C. § 1981,[1] 42 U.S.C. § 1985,[2] and state-law tort claims for harassment, intentional infliction of emotional distress, and abuse of process.

The City seeks to dismiss Kovalev's Section 1983 claim on the ground that it cannot be

---

[1] Section 1981 reads, in pertinent part, "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981.

[2] Section 1985(3) reads, in pertinent part, "If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of the equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators. 42 U.S.C. § 1985(3).

5

held liable on a municipal liability theory because Kovalev has failed to assert a particular policy or custom on the part of the City that led to these underlying deprivations. However, Kovalev asserts that "the defendant City of Philadelphia operates and maintains the Department of Licenses and Inspections and Law Department whose officials have relied upon unconstitutional practices, policies, and customs that infringed plaintiff's constitutional, statutory, and common law rights." (Compl. ¶ 11.) He further alleges specific instances of discrimination and retaliation on the part of City officials, which he asserts are prevalent throughout the City's agencies and have become the customary practice of the City's employees. Whatever the truth of these allegations, it is inappropriate to dismiss Kovalev's Section 1983 claim at this stage of the proceedings. Therefore, the Court finds that the Motion to Dismiss is denied with respect to Kovalev's Section 1983 claim.

### B. Pennsylvania Political Subdivision Act

The City further avers that Kovalev's claims for harassment, intentional infliction of emotional distress, and abuse of process are barred by Pennsylvania's Political Subdivision Tort Claims Act ("the Act"). The Act generally provides local agencies with immunity from tort claims. Klump, 425 F. Supp. 2d. at 636. The Act states: "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. Cons. Stat. Ann. § 8541. While Section 8542 of the Act provides for certain exceptions to the Act's conferral of governmental immunity, the exceptions apply strictly to the negligent acts of local employees. The exceptions in Section 8542 apply only where "[t]he injury was caused by the negligent acts of the local agency or employee thereof acting within the scope of his office

6

or duties." 42 Pa. Cons. Stat. Ann. § 8542; see also Klump, 425 F. Supp. 2d. at 636 (holding statutory exceptions of Section 8542 do not apply to intentional conduct).  Here, Kovalev alleges purely intentional acts on the part of City employees.  Nowhere in the Complaint does he suggest that the actions of the City's employees were accidental or negligent in nature.  As such, the statutory exceptions do not apply to his claims.  Accordingly, Kovalev's claims for harassment, intentional infliction of emotional distress, and abuse of process are dismissed.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SERGEI KOVALEV, | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : No. 07-4875 |
| THE CITY OF PHILADELPHIA, | : |
| Defendant. | : |

## ORDER

**AND NOW**, this 25th day of March, 2008, upon consideration of the City of Philadelphia's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 8) and the response thereto, it is hereby **ORDERED** that the Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

1. The Motion is granted with respect to Plaintiff's claims for harassment, intentional infliction of emotional distress, and abuse of process.

2. The Motion is denied with respect to Plaintiff's claim pursuant to 42 U.S.C. § 1983.

3. The City is directed to file an Answer to Plaintiff's Complaint within ten (10) days of this Order.

It is further **ORDERED** that Plaintiff's Motion for Allowance of Amendment and Joinder of Defendants (Doc. No. 10) is **DENIED**, as Plaintiff's claims against City officials in

their official capacities is duplicative of his claims against the City itself.

                              BY THE COURT:

                              /s/ Robert F. Kelly
                              ROBERT F. KELLY
                              SENIOR JUDGE