## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                            :
SERGEI KOVALEV,                             :
                                            :
            Plaintiff,                      :        CIVIL ACTION
                                            :
    v.                                      :        No. 07-4875
                                            :
THE CITY OF PHILADELPHIA,                   :
                                            :
            Defendant.                      :
_____:

### MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                          **DECEMBER  23, 2008**

      Presently before the Court are several motions[1] filed by Plaintiff, Sergei Kovalev

("Kovalev"), against the City of Philadelphia ("the City").  For the reasons which follow, several

_____

    [1]Kovalev filed the following Motions as stated below:

        "Motion to Compel the City of Philadelphia to Secure for the Trial
        Court Presence of its Employees and Officials Possessing
        Knowledge of the Facts Alleged in the Plaintiff's Complaint"
        (Doc. No. 18);

        "Motion to Compel Defendant to Produce Requested Documents"
        (Doc. No. 19);

        "Motion for Leave to Serve Additional Interrogatories"(Doc. No.
        20);

        "Motion for Allowance of Amendment and Addition of
        Defendants"(Doc. No. 21);

        "Motion to Compel Defendant to Produce Requested Documents
        (Second Set) (Doc. No. 22); and

        "Motion to Compel Defendant to Produce Requested Documents
        in Possession of City Employee Angel Franqui"(Doc. No. 25).

will be denied in their entirety, while others will be granted in part and denied in part. We will

address each one, in turn, below.

## I.      BACKGROUND

On November 28, 2007, Kovalev filed a pro se Complaint against the City and numerous

City officials[2] in their official capacities, alleging that these City employees intentionally violated

his constitutional and federal statutory rights pursuant to 42 U.S.C. §§ 1981-1985, and

committed numerous tortious acts upon him. Kovalev filed an Amended Complaint on

December 3, 2007 and added another City employee, Stacey Jones-Culbreth, inspector for the

City of Philadelphia Business Compliance Unit of the Department of Licenses and Inspections.

Kovalev lives at 5305 Oxford Avenue in Philadelphia, Pennsylvania. On April 29, 2005,

Kovalev organized the Centurion Gateway Corporation under the laws of the Commonwealth of

Pennsylvania. The corporation was formed for the sole purpose of holding Kovalev's property at

5305 Oxford Avenue, Philadelphia, Pennsylvania. The corporation conducts no business

activity, has no shareholders, and no assets. On October 6, 2006, Stacey Jones-Culbreth issued a

notice of violation against Kovalev's property on the grounds that she could not gain admittance

to the property to conduct an inspection, as required by the City Code of Ordinances. Kovalev

contends that his property is not subject to inspection by the Business Compliance Unit because

he conducts no business on the premises. As such, he asserts that the Business Compliance Unit,

in attempting to inspect his property, attempted an illegal search of his residence, in violation of

---

[2]The named City officials are: Robert Solvibile, Commissioner of the Department of
Licenses and Inspections, Joseph Flanagan, Construction Compliance Supervisor of the
Department of Licenses and Inspections, Terrence Dillon, Supervisor of the Contractor
Compliance Unit of the Department of Licenses and Inspections, and Angel L. Franqui, Jr.,
attorney for the City of Philadelphia Law Department.

the Fourth Amendment.  He further contends that the City attempted these inspections because his property is located twenty feet from State Senator Christine Tartaglione's office.  Kovalev asserts that Senator Tartaglione sought to use the City, through her familial relation to several City employees, to find out what was occurring inside Kovalev's residence, and to ultimately reduce the value of his property.

On June 1, 2007, the Department of Licenses and Inspections issued a second notice of violation against the property for Kovalev's failure to obtain a building permit prior to erecting a 162 square-foot structure in the rear of his home.  Kovalev maintains that the structure did not require a permit pursuant to the City Code.  After receipt of the violation, Kovalev met with Terrence Dillon, a supervisor at the Department of Licenses and Inspections, and was told that the structure was an "addition" and required a permit.  Kovalev avers that he was willing to obtain the required permits for this structure, and he prepared plans and applied for the permits on June 8, 2007.  After approximately two months, Kovalev learned from Joseph Flanagan, a Construction Compliance Supervisor with the Department of Licenses and Inspections, that Flanagan was unable to understand the plans and did not understand what Kovalev had built.  On August 13, 2007, Flanagan informed Kovalev that he had looked at the application but would likely not be able to issue any permits because the plans were so confusing.  Flanagan then requested that Kovalev submit drawings prepared by a licensed professional so that he could process the application.  Kovalev avers that there was nothing confusing about the plans, and that Flanagan intentionally required additional plans and delayed the issuance of his permits for the sole purpose of harassing Kovalev and inflicting emotional distress upon him.  He additionally claims that the City continually denied his application with no reasonable justification so that it

3

could collect the violation costs for its own financial gain.

Kovalev appealed both violation notices to the Board of Licenses and Inspections Review. According to him, the Board refused to listen to any of his arguments and simply "rubberstamped" the violations in favor of the Department of Licenses and Inspections. Kovalev asserts that the Board discriminated against him and refused to consider his arguments because he is a foreign-born United States citizen of Eastern European origin.

On November 5, 2007, Kovalev wrote letters to the former mayor of Philadelphia, John Street, and to the Commissioner of the Department of Licensing, Robert Solvible, describing his experiences in trying to obtain the permits. Kovalev alleges that four days after the submission of the letters, the City, through its attorney, Angel L. Franqui, Jr., filed a Complaint in Philadelphia Municipal Court claiming that Kovalev's corporation failed to file and pay the City's business privilege tax from 1997 through April 16, 2005. Kovalev argues that the allegations in this Complaint were completely false, and that the action was filed in retaliation for the letters he sent to the mayor and commissioner disclosing the City's violations.

The City filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12 (b)(6) on February 15, 2008 asserting that Kovalev had failed to state a claim under § 1983, and that his tort claims were barred by Pennsylvania's Political Subdivision Tort Claims Act. In a Memorandum and Order dated March 25, 2008, this Court granted the Motion in part and denied in part. Kovalev v. City of Philadelphia, No. 074875, 2008 WL 783564, at *2-3 (E.D. Pa. March 25, 2008). The Motion to Dismiss was granted with respect to Kovalev's claims for harassment, intentional infliction of emotional distress, and abuse of process, and denied with respect to his claim pursuant to § 1983. It was also ordered that Kovalev's Motion for Allowance and Joinder of Defendants was denied

4

as his claims against City officials in their official capacities were duplicative of his claims against the City itself.

On April 28, 2008, this Court entered a Scheduling Order, setting a discovery deadline of July 31, 2008, and a Motions deadline of August 18, 2008.  As noted earlier, Kovalev filed a total of six discovery Motions in May, June, and July 2008.[3]  The City, however, only timely responded to Kovalev's Motion to Compel Defendant to Produce Requested Documents (Second Set) on August 18, 2008.  Instead of filing timely responses to Kovalev's other five outstanding Motions, the City ignored these Motions and, instead, filed a Motion for Summary Judgment on August 19, 2008.[4]  We contacted the attorney handling this case for the City and inquired whether the City intended to file answers to the outstanding motions.  We were informed that the City would promptly file such.  However, responses were not filed, and we scheduled oral argument on the Motions on October 21, 2008.  At this hearing, the City was ordered to file responses to all of the outstanding Motions.  The City, subsequently, did file such responses. We, now, in turn, address each of these Motions.

## II.    DISCUSSION

**1.    "Motion to Compel the City of Philadelphia to Secure for the Court Trial Presence of its Employees and Officials Possessing Knowledge of the Facts Alleged in the Plaintiff's Complaint"**

In this Motion, Kovalev asserts that the City denied most of the claims in his Complaint

---

[3]See footnote 1.

[4]Kovalev filed his own Motion for Summary Judgment on August 18, 2008.  This Motion, as well as the City's Motion for Summary Judgment, will not be addressed in this Memorandum in light of the rulings in the instant Memorandum and Order as will be discussed infra.

5

by answering that it had "no sufficient knowledge of the facts," when in fact a number of City employees have first-hand knowledge of the relevant facts concerning the alleged wrongful actions against him by the City. As such, he asserts that this Court should order these individuals[5] to be present at trial.

Kovalev's Motion, however, is premature. Kovalev filed this Motion prior to the scheduling of trial in this matter. While Kovalev is entitled to require witnesses to appear for the purposes of trial, seeking an Order from the Court is not the appropriate procedure at this point in the proceedings. Kovalev may obtain a subpoena from the Clerk of Court in order to command a witness to attend and testify at trial. Fed. R. Civ. P. 45 (a)(1), (3). If a subpoenaed witness fails to appear, a party may then seek relief from this Court. Fed. R. Civ. P. 45(e). Accordingly, this Motion is denied.

**2.      Motion to Compel the City to Produce Requested Documents**

Kovalev asserts in this Motion that the City has produced some documents in response to a Request for Production of Documents, but refused to produce any documents related to paragraphs 7, 11, 14, 15, 16, 17, and many relevant documents from paragraph 24 of that request. The City counters that it provided reasonable objections to these paragraphs, and continues to maintain those objections and argues that the requests made in those paragraphs are vague, overbroad, and not reasonably calculated to lead to discovery.

Federal Rule of Civil Procedure 26 allows litigants to "obtain discovery regarding any

---

[5]Kovalev listed the following City employees as those he requests be ordered to appear at trial: Robert Solvibile, Joseph Flanagan, Terrence Dillon, Angel Franqui, Jr. Esq., Stacey Jones-Culbreth, and the unnamed President of the Board of Licenses and Inspections.

nonprivileged matter that is relevant to any party's claim or defense[.]"  Fed. R. Civ. P. 26(b)(1).

"[M]aterial is relevant if it bears on, or reasonably could bear on, an issue that is or may be

involved [in] the litigation."  Topol v. Trustees of Univ. of Pa., 160 F.R.D. 476, 477 (E.D. Pa.

1995).  "Relevant information need not be admissible at the trial if the discovery appears

reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

"[R]elevancy under Rule 26 is to be construed liberally," but it "must also be determined and

limited by the context of the facts and circumstances of each particular case."  Williams v. Am.

Cyanamid, 164 F.R.D. 615, 616 (D.N.J. 1996).  A district judge must exercise broad discretion in

supervising discovery.  Bowman v. Gen. Motors Corp., 64 F.R.D. 62, 69 (E.D. Pa. 1974).

Paragraph 7 of Kovalev's Request for Production of Documents requested:

> "[T]he names, addresses of all individuals or organizations who allegedly
> placed any complaint or contacted the City departments in reference to all
> matters described in Plaintiff's Amended Complaint.  Include description
> of such complaints, contacts, any reports and all other related materials."

In his Motion to Compel, Kovalev simply states that he is entitled to this information, but

offers no rationale as to why he is entitled to such.  The City states that it provided Kovalev with

documents regarding a complaint it had received about his property, but redacted the name of the

complainant as it is its policy not to disclose the names of citizens making complaints.  We agree

with the City, and find that it has a legitimate interest in protecting the identity of the

complainant.  In addition, we find that this information would not lead to discoverable

information that would enhance Kovalev's causes of action against the City.

Additionally, in paragraph 11, Kovalev requests:

> "[A]ll documents related to plaintiff's appeals to the Board of Licenses
> and Inspections Review (appeal # 37171, February 12, 2007, and appeal #

> 2311, August 28, 2007).  Attach any written transcripts (or voice
> recordings if transcripts are not available of the complete appeal
> procedures performed during the above-stated plaintiff's appeals."

Kovalev argues that he personally observed individuals both manually transcribing and sound recording the appeal hearings.   The City responds that it has already provided documents to this request (Bate stamped 000006).  Kovalev has not asserted in this Motion what documents he believes the City is withholding from him, nor has the City described and/or appended to its Response the exact documents it has provided.  Since we have no way of knowing what documents the City has given to Kovalev, we will order the City to provide any documents with regard to Kovalev's appeals to the Board of Licenses and Inspections that it has not yet supplied.  However, we will not order the City to provide Kovalev with transcripts of these hearings as an independent company transcribed those proceedings, and such are available to Kovalev for a fee from the transcribing company.  The City, however, will share with Kovalev the name of the transcribing company that performed those services.[6]

Furthermore, in paragraph 14, Kovalev requests:

> "[A]ny documents related to any governmental investigations or
> convictions, fines, penalties applicable to this defendant during the last ten
> years and related to illegal activities within the City departments or
> administration and to any civil rights violations."

Regarding this request, we find that Kovalev is entitled to any documents regarding "governmental investigations or convictions, fines [or] penalties" which are not privileged and are applicable to him.  However, we limit the scope of this finding to documents dating back five (5) years from the date of the filing of the Complaint.

---

[6]The City claims no knowledge of any audio recordings of these hearings.

8

We address Kovalev's requests in paragraphs 15, 16, and 17 together.  Paragraph 15 requests:

> "Any documents to any investigations, fines and penalties and legal actions against the City as a result of alleged civil rights violations for the last ten years."

Paragraph 16 requests:

> "[A]ll legal files related to the defense against any illegal activities in the City departments or administration and alleged civil rights violations claims initiated within the last 10 years."

Paragraph 17 requests:

> "List of all complaints, lawsuits, or claims submitted to you and related to the illegal activities in the City departments or administration, and alleged civil rights violations.  Include names, telephone numbers, mailing addresses of all such persons, court terms and case numbers.  For each legal action instituted against you or against any of your employees and officers in the last 10 years, indicate the caption and case number; court filing including state and county; date of deposition or trial testimony; name and address of plaintiff's counsel of record; name and address of the court reporter; brief summary of each case."

With regards to these requests, we find that they are overbroad and not reasonably calculated to lead to admissible evidence under Fed. R. Civ. P. 26.  Thus, these requests are denied.

Lastly, paragraph 24 requests:

> "[A]ll documents contained in the property file kept by the City of Philadelphia for 5305 Oxford Avenue, Philadelphia, Pennsylvania, 19124."

Concerning this request, we opine that Kovalev is entitled to all documents in any file that the City has kept for this property address that are not privileged.  Thus, the City is to supply Kovalev with all said documents that have not yet been given to him.

**3.      Motion for Leave to Serve Additional Interrogatories**

Kovalev next asserts that he served interrogatories to the City addressed to Joseph Flanagan, Terrence Dillon, Stacey Jones-Culbreth, Angel Franqui, and the Board of Licences and Inspections Review.  He claims that the City only partially answered the interrogatories addressed to Flanagan, and refused to answer with regard to any of the other employees, and the agency listed above.

First, with regard to the adequacy of the answers to the Flanagan interrogatories, Kovalev asserts in this Motion that the City has only partially answered such.  He, however, fails to offer any support for his assertion that the City's responses were inadequate.  Thus, we are unable to find that the City only "partially" answered the interrogatories addressed to Flanagan, and we will not grant Kovalev's request for leave to serve Flanagan with additional interrogatories.

Next, regarding Kovalev's interrogatories to Stacey Jones-Culbreth and Angel Franqui, Kovalev asserts that the City failed entirely to respond to them.  The City maintains in its response to this Motion that Kovalev served them with Requests for Admissions along with these interrogatories, and posed a majority of the same questions.  Both Jones-Culbreth and Franqui had both already adequately responded to these Request for Admissions, and therefore, adequately provided the information requested in the interrogatories.  We agree.  Attached to its response, the City has provided a copy of Stacey Jones-Culbreth's "Responses and Objections to Plaintiff's Request to Admit Facts and Genuineness of Documents," (Exhibit A), and "Angel Franqui, Jr.'s "Responses and Objections to Plaintiff's Request to Admit Facts and Genuineness of Documents." (Exhibit C.)  The City argues that the additional discovery sought by Kovalev is cumulative and duplicative of information already provided.

10

A review of the interrogatories posed to Jones-Culbreth and Franqui indicates that most, if not all, of the interrogatories are duplicative of those in the earlier Requests for Admissions.  In addition, a review of both Jones-Culbreth and Franqui's responses indicates that both have already adequately responded to Kovalev's requests.  Therefore, we deny Kovalev's request to serve additional interrogatories upon these two individuals.

With regard to the interrogatories directed to Terrence Dillon, to the Licenses and Inspection Board of Review, and to the City, the City argues that Kovalev has had ample opportunity during the discovery period to use additional discovery methods, such as depositions or requests for admissions to obtain the information sought.[7]  The City further argues that the discovery sought will not provide any additional support for Kovalev's claims against the City under 42 U.S.C. §§ 1981, 1983, and 1985.

Nonetheless, Kovalev is entitled to seek discovery through interrogatories as permitted by the Rules of Civil Procedure, and does not have to conduct discovery in the manner in which the City prefers.  Fed. R. Civ. P. 33 (a)(1).  Additionally, there is no merit to the City's assertion that Kovalev's interrogatories would not lead to support of his claims.  It is impossible, at this time, to make a determination as to what information Kovalev may receive through the interrogatories.

---

[7]Fed. R. Civ. P. 26 (b)(2)(C) provides:
(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Moreover, in its response to this current Motion, the City has not appended any interrogatories that have already been answered by it, Terrence Dillon, or by the Inspections Board.  We, thus, have no way of knowing what discovery the City provided Kovalev with regard to Dillon and the Inspections Board.

This Court is, thus, granting Kovalev's Motion with respect to Terrence Dillon, the Licences and Inspection Board of Review, and the City.  Pursuant to Rule 33, Kovalev is permitted to serve interrogatories upon Dillon, the City, and the Board, but is limited to twenty-five (25) interrogatories each, including subparts.

**4.      Motion for Allowance of Amendment and Addition of Defendants**

Kovalev's next Motion seeks leave to amend his Complaint to add additional causes of action and defendants.  Kovalev requests permission to add claims for alleged violations of criminal statutes prohibiting conspiracy (18 U.S.C. § 241), wire fraud (18 U.S.C. § 1343), mail fraud (18 U.S.C. § 1341), and violations of the Racketeer Influenced and Corrupt Organization Act ("RICO") (18 U.S.C. §§ 1961-68).  He also seeks to add claims for alleged violations of two additional civil statutes,[8] and the Free Exercise Clause of the First Amendment.  Furthermore, Kovalev motions to add Joseph Flanagan, Terrence Dillon, Angel Franqui, Jr., and John/Jane Does in their individual and official capacities as employees of the City of Philadelphia.

The decision whether to grant or deny a motion to amend rests in the sound discretion of the trial court.  Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983).  Federal Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's

---

[8]These statutes are the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb(1)-(4), and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc-1, et seq.

written consent or the court's leave.  The court should freely give leave when justice so requires."
F.R.C.P. 15(a)(2).  The Third Circuit has identified "undue delay, bad faith, dilatory motive,
prejudice, and futility" as factors justifying a court's decision to deny a party leave to amend.
Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).  The Third Circuit has also held that
"prejudice to the nonmoving party is the touchstone for denial of an amendment."  Cornell & Co.
v. Occupational Safety & Health Rev. Comm'n, 573 F.2d 820, 823 (3d Cir. 1978).  "A party is
unduly prejudiced if an amendment would cause surprise, result in additional discovery, or add
cost in preparation to defend against new facts or theories."  Amquip Corp. v. Admiral Ins. Co.,
231 F.R.D. 197, 199 (E.D. Pa. 2005).  Thus, while Rule 15(a)(2) contemplates a liberal standard
for the amendment of pleadings, a court is justified in denying a motion to amend where these
equitable factors weigh against allowing the amendment.  Forman v. Davis, 371 U.S. 178, 182
(1962).

    Here, it is clear that it would be an exercise in futility for Kovalev to amend his
Complaint to bring several of the new causes of action he proposes to add.  However, he will be
permitted to amend to add several others which do not "unduly prejudice" the City.

    First, causes of action for conspiracy pursuant to 18 U.S.C. §§ 241-242 do not create
enforceable civil causes of action.  These statutes create criminal penalties for deprivations of
constitutional rights, effected by means of conspiracy or under color of state law.  U.S. v. City of
Philadelphia , 482 F.Supp. 1248, 1260 (E.D. Pa. 1979).  It is well-settled that these criminal
statutes cannot be the bases for remedy in a civil suit.  See e.g. McCauley v. Computer Aid Inc.,
447 F. Supp. 2d 469, 477 (E.D. Pa. 2006); Molina v. City of Lancaster, 159 F. Supp. 2d 813, 818
(E.D.Pa. 2001).

Likewise, Kovalev is unable to bring civil actions for wire and mail fraud under 18 U.S.C. §§ 1341 and 1343 since they, too, are criminal statutes and provide no private right of action.  Fleishman v. Sculley, No. 03-4639, 2004 WL 2203746, *1 (E.D. Pa., Sept. 30, 2004).

Allowing Kovalev to amend his Complaint to bring a RICO cause of action is equally fruitless.  The Third Circuit has explicitly held that municipal entities are not subject to civil liability under RICO.  Genty v. Resolution Trust Corp., 937 F.2d 899, 914 (3d Cir. 1991); see also Pascocciello v. Interboro School Dist., No. 05-5039, 2006 WL 1284964, at *7 (E.D. Pa., May 8, 2006).

Kovalev also motions to add two actions under federal religious freedom statutes, RFRA and RLUIPA.  Kovalev claims that the City's attempts to regulate the construction at his 5305 Oxford Avenue address interfered with his free exercise of religion in violation of the First Amendment, RFRA, and RLUIPA.  He asserts that in 1986, he founded the International Church of Eternal Revival and that his property was used for the benefit of his church, and that any construction or improvement to his property was done in an act of worship to God.

Kovalev cannot maintain an action under RFRA against the City.  The Supreme Court in City of Boerne v. Flores, 521 U.S. 507 (1997), struck down RFRA as it applied to the states because it exceeded Congress' remedial power under Section 5 of the Fourteenth Amendment. See also Lighthouse Inst. For Evangelism, Inc. V. The City of Long Branch, 510 F.3d 253, 261 (3d Cir. 2007).

However, it is possible that Kovalev could maintain an action under RLUIPA.  Shortly after the Supreme Court in City of Boerne struck down RFRA as it applied to the states, Congress enacted RLUIPA.  This statute addresses "only land use regulations, Section 3-42

U.S.C. § 2000cc, and the religious rights of institutionalized persons, Section 3-42 U.S.C. § 2000cc-1.  Lighthouse 510 F.3d at 261.

The City argues that Kovalev should not be allowed to amend his Complaint to include a RLUIPA claim because he has not alleged that he was institutionalized at any of the times related to the allegations in his Complaint.  While it is true that Kovalev has never maintained that he was institutionalized and could not maintain an action under this part of RLUIPA that concerns institutionalized persons, RLUIPA also contains a section on land use regulations, 2-42 U.S.C. § 2000cc.[9]  Kovalev contends that the City, by requiring him to secure a permit for the structure constructed in the rear of his property, has denied him of his freedom to exercise his religious beliefs.

Although it is questionable at this point whether a claim by Kovalev under this section would survive summary judgment or even a 12(b)(6) motion, these are not the standards we are mandated to apply when considering a Motion to Amend a Complaint.  Since Fed. R. Civ. P. 15 (a)(2) states that the "court should freely give leave [to amend] when justice so requires," and the City will not be prejudiced by the amendments, we will allow Kovalev to amend his Complaint

---

[9]Section 2000cc(a)(1) General Rule states:
> No government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that imposition of the burden on that person, assembly, or institution-
>
> > (A) is a furtherance of a compelling governmental interest; and
> > (B) is the least restrictive means of furthering that compelling governmental interest.

15

to add a claim under Section 2000cc(a)(1).

Kovalev also wishes to amend to add a claim that his First Amendment rights to free exercise of religion have been violated.  The Free Exercise Clause applies to states and local governments through the 14th Amendment.  Cantell v. Connecticut, 314 U.S. 296, 307 (1940). The City argues that Kovalev has not asserted sufficient facts to support a First Amendment claim.  It argues that Kovalev has not alleged that the construction of the deck at issue is central to his beliefs, only, instead, has asserted that any building improvement is considered worship. Again, the City will not be unduly prejudiced by this amendment.  Thus, Kovalev will be permitted to amend to add a First Amendment cause of action.

 Lastly, in this Motion, Kovalev seeks to be permitted to add Terrence Dillon, Joseph Flanagan, Angel Franqui, and John Doe/Jane Doe as additional defendants in their individual and official capacities.  However, by Order dated March 25, 2008, we denied Kovalev's Motion for Allowance of Amendment and Joinder of Defendants, and stated that Kovalev's "claims against City officials in their official capacity is duplicative of his claims against the City itself."

Kovalev, however, also seeks to amend to add these individuals in their individual capacities.  The City argues that such an amendment to the Complaint would be futile as these governmental officials would be entitled to qualified immunity.  The City asserts that governmental officials  performing discretionary functions generally are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  The City adds that qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law."  Anderson v. Creighton, 483 U.S. 635,

16

638 (1987).

Here, once again, the City is jumping ahead of itself.  Kovalev has the right to attempt to bring suit against these City employees in their individual capacities.  While it is true that some or all of these employees may very well be immune from suit and shielded by qualified immunity, this is not the stage of the proceedings where a determination should be made.  As noted above, a motion to dismiss and/or a summary judgment motion are the appropriate procedural remedies, by which the City can challenge this and several other of Kovalev's causes of action against itself and its employees.  However, for purposes of amending his Complaint, Kovalev is granted permission to amend and add these City employees in their individual capacities.

**5.      Motion to Compel City to Produce Requested Documents (Second Set)**

Kovalev next asserts that he served an additional Request for Production of Documents (Second Set) on June 9, 2008, but the City merely gave him some unrelated documents and refuse to produce relevant documents.  Specifically, Kovalev contends that the City failed to produce documents relating to paragraphs 2, 3, 5, and 6 of his Request.

These paragraphs state:

> "2.  Provide the list of employees previously working for the Department of Licenses and Inspections who were retired, terminated, discharged, quit, voluntarily ended their employment, transferred to different departments of the City or to other geographical areas in the past 7 years.  For each former or transferred employee that left the Department of Licenses and Inspections during the last 7 years (for any reason) indicate dates of employment, section of the department, reason for leaving the department, last position held in the department, contact information including mailing address, e-mail address (if available) and telephone number."

> "3.  Provide a list of employees currently working for the Department of Licenses and Inspections who worked for this department for 5 years or

17

more.  For each employee indicate dates of employment, section of
employment, position held in the department, contact information
including mailing address, e-mail (if available) and telephone number."

"5.  Provide all documents indicating the exact year when the City started
keeping organized property files that would include issued permits."

"6.  Provide all documents indicating time period when the City for the
first time started requesting building permits for the construction of decks
with, or without staircases."

In support of these requests, Kovalev simply argues that all of these documents are
important for this litigation, and without such, he would be prejudiced.  The City asserts that the
requests made in these paragraphs are vague, overbroad, and not reasonably calculated to lead to
the discovery of admissible evidence.  We agree.  Fed. R. Civ. P. 26(b)(1) limits discovery to any
matter that is relevant to the claims or defenses presented by the parties or reasonably calculated
to lead to the discovery of admissible evidence.  Kovalev has not presented any support for his
requests, and this Court finds that the information requested is clearly overbroad, and not
reasonably calculated to lead to the discovery of evidence that will support his claims under the
Fourth Amendment, Due Process and Equal Protection Clauses of the Constitution, and/or his
claims of discrimination and conspiracy pursuant to 42 U.S.C. §§ 1981 and 1985.

6.    **Motion to Compel City to Produce Requested Documents in Possession of City
      Employee, Angel Franqui**

In this Motion, Kovalev requests all documents related to this current litigation that are in
the possession of Angel Franqui, who is an attorney in the City's Law Department.  Attached to
its response, the City has attached a Declaration from Angel Franqui, Esq., dated October 30,
2008.  In it, Mr. Franqui states that he acts as co-counsel for the City of Philadelphia in matters
relating to failure to pay taxes, and that he was responsible for filing Code Enforcement

18

Complaints issued for Centurion Gateway Corporation, CE-07-11-70-0217, and Centurion Media Group, Inc., CE-07-11-70-0218.  He declares further that the defendants were not properly served in either case and, therefore, each case was dismissed without prejudice, and that no case files exists for either case.  Accordingly, since Mr. Franqui is not in possession of any documents relating to this current matter, this Motion is denied.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
:
SERGEI KOVALEV,                          :
                                         :
                    Plaintiff,           :        CIVIL ACTION
                                         :
        v.                               :        No. 07-4875
                                         :
THE CITY OF PHILADELPHIA,                :
                                         :
                    Defendant.           :
_____:

## ORDER

**AND NOW**, this    23rd    day of December, 2008, it is hereby **ORDERED** that:

1.      Upon consideration of Plaintiff's Motion to Compel the City of Philadelphia to

        Secure for the Trial Court Presence of Its Employees and Officials Possessing

        Knowledge of the Facts Alleged in the Plaintiff's Complaint (Doc. No. 18), and

        the Response of the Defendant thereto, said Motion is **DENIED**;

2.      Upon consideration of Plaintiff's Motion to Compel Defendant to Produce

        Requested Documents (Doc. No. 19), and the Response of the Defendant, this

        Motion is **GRANTED** in part and **DENIED** in part.  It is denied with respect to

        Plaintiff's requests in paragraphs 7, 15, 16, and 17 of his Request for Production

        of Documents.  Regarding paragraph 11, the Defendant must provide Plaintiff

        with any documents relating to his appeals to the Board of Licenses and

        Inspections Review that have not already been provided to him.  The Defendant is

        not required to supply Plaintiff with transcripts of his appeals, but it is to provide

        Plaintiff with the name of the transcribing company that performed those services.

With respect to paragraph 14, the Defendant is to provide Plaintiff with any and all documents concerning "governmental investigations or convictions, fines [or] penalties" applicable to him that are not privileged.  However, such request is limited to five (5) years from the date of the Complaint.  With regard to paragraph 24, the Defendant is to produce to Plaintiff all documents contained in any property file kept by the City of Philadelphia for 5305 Oxford Avenue, Philadelphia, Pennsylvania, 19124 that are not privileged.  The Defendant is to provide the above to the Plaintiff within twenty (20) days of the date of this Order;

3.     Upon consideration of Plaintiff's Motion for Leave to Serve Additional Interrogatories (Doc. No. 20), and the Response of the Defendant, this Motion is **GRANTED** in part and **DENIED** in part.  Plaintiff's request to serve additional interrogatories to Joseph Flanagan, Stacey Jones-Culbreth, and Angel Franqui is denied.  Plaintiff's request to serve additional interrogatories upon Terrence Dillon, the Licenses and Inspections Board, and the City of Philadelphia is granted.  Plaintiff is limited to twenty-five (25) interrogatories including subparts to each of the above.  Plaintiff is to serve any additional interrogatories to the Defendant within ten (10) days of the date of this Order, and the Defendant has ten (10) days to respond;

4.     Upon consideration of Plaintiff's Motion for Allowance of Amendment and Addition of Defendants (Doc. No. 21) and Defendant's Response, this Motion is **GRANTED** in part and **DENIED** in part.  Defendant requests to add causes of actions for conspiracy under 18 U.S.C. § 241, wire fraud under 18 U.S.C. § 1343, mail fraud under 18 U.S.C. § 1341, the Racketeer Influenced and Corrupt

Organization Act under 18 U.S.C. §§ 1961-68, and the Religious Freedom

Restoration Act are denied.  Plaintiff's request to add causes of actions under the

Religious Land Use and Institutionalized Persons Act pursuant to 42 U.S.C. §

2000cc, and the First Amendment is granted.  In addition, Plaintiff's request to

add Terrence Dillon, Joseph Flanagan, Angel Franqui, and John Doe/Jane Doe in

their official capacities is denied.  His request to add these individuals in their

individual capacities is granted.  Plaintiff is to make these amendments to his

Complaint within twenty (20) days of the date of this Order, and the Defendant

has ten (10) days to answer;

5.      Upon consideration of the Plaintiff's Motion to Compel the City to Produce

        Requested Documents (Second Set) (Doc. No. 22) and the Defendant's Response

        thereto, this Motion is **DENIED**; and

6.      Upon consideration of the Plaintiff's Motion to Compel Defendant to Produce

        Requested Documents in Possession of City Employee Angel Franqui (Doc. No.

        25), this Motion is **DENIED.**

It is further **ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. No. 26),

and Defendant's Motion for Summary Judgment (Doc. No. 24), are denied without prejudice.

Both parties are granted leave to amend and re-file such Motions after their compliance with this

Order.  All motions are due by January 26, 2009.

BY  THE  COURT:


/s/ Robert F. Kelly
ROBERT  F.  KELLY
SENIOR  JUDGE